IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MARKIECE JACKSON,
    Plaintiff,

vs.                                    Case No. 3:11cv83/MCR/CJK

WALTER MCNEIL, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 13). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Anthony Markiece Jackson, is currently an inmate in the Orange County Jail. He was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to his complaint. The amended complaint names three defendants: Secretary of the Florida Department of Corrections Walter McNeil, Regional Director of the Florida Department of Corrections Timothy Cannon, and Santa Rosa CI Warden R. Tifft. (Doc. 13, p. 2). Plaintiff claims his First, Eighth, and Fourteenth Amendment rights were violated in retaliation for the plaintiff filing over 620 grievances within 19 months. (Doc. 13, p. 5). Specifically, plaintiff claims he was "slapped in [his] face; starved until the point that [he] lost 38 pounds; punched to the ground; sprayed with chemicals that burned for 6 full days;

stripped down to only a pair of boxers 3 times, each time lasting 3 days, during those 9 days [he] had no mail, no soap, no tissue, no shoes, no bed, no sheet, no clothes, no outside recreation, nothing!!! And it was 28 [degrees] outside!!" (Doc. 13, p. 6). Plaintiff claims that defendants Secretary McNeil, Regional Director Cannon, Warden Tifft, and Grievance Coordinator Raymond Burch[1] ignored plaintiff's grievances. (Doc. 13, p. 7). As relief, plaintiff seeks "significant monetary damages, and significant declaratory relief. [Plaintiff] [asks] for 4% of [Florida Department of Corrections's] total net worth, from each defendant." (Doc. 13, p. 8).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded

---

[1] The plaintiff in his original complaint listed twenty-nine defendants. (Doc. 1). In the court's amend order, the undersigned posited that many of the listed defendants would not be liable under a *respondeat superior* theory of liability. (Doc. 12). In his amended complaint, plaintiff failed to heed the court's advice and instead removed the operational level defendants and listed only Secretary McNeil, Regional Director Cannon, and Warden Tifft. (Doc. 13, p. 2). He does, however, mention Grievance Coordinator Burch in the body of his complaint.

do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim, because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Under FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court reiterated in *Iqbal*, 129 S. Ct. at 1949, although RULE 8 does not require detailed factual allegations, the rule does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* Rather, the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible . . . ." *See Twombly*, 550 U.S. at 555, 570.

A complaint is also subject to dismissal for failure to state a claim when the allegations—on their face—show that an affirmative defense bars recovery on the claim. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

*Appointment of Counsel*

As a threshold matter, in plaintiff's amended complaint he asks the court to appoint a lawyer to assist him. (Doc. 13, p. 7). In support of this request, plaintiff notes that he is a mental health patient and that his complaints are being "overlooked" because he "failed to write them in a certain way." (Doc. 13, p. 7).

"Prisoners raising civil rights claims . . . have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). A district court has discretionary authority, under 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent litigants in civil cases. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo*, 983 F.2d at 193 (quotations and citation omitted) (brackets in original); *see also Holt v. Ford,* 862 F.2d 850 (11th Cir. 1989). An additional consideration is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983 F.2d at 193. The Fifth Circuit summarized the limited circumstances meriting the appointment of counsel in a civil case:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it." *Id.* at 266 (footnote omitted).

*Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir. 1986).

Upon reviewing the pleadings in this action, the court finds there are no exceptional circumstances to merit the appointment of counsel. The legal issues in

this case have been settled in previous cases, and the facts do not appear to be complex. Moreover, the pleadings filed thus far by plaintiff suggest he has an ability to communicate his allegations and litigate his case as well as that of the average *pro se* litigant. Appointment of counsel in this matter is therefore inappropriate.

*Vicarious Liability and § 1983*

Turning to the substance of the amended complaint, plaintiff seeks to hold Secretary McNeil, Regional Director Cannon, and Warden Tifft liable for the alleged wrongdoings of their subordinates based on their right to control the conduct of prison employees and their potential awareness of any wrongdoings through the grievance process. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 n. 58, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (*citing Rizzo v. Goode*, 423 U.S. 362, 370-371, 96 S. Ct. 598, 56 L. Ed. 2d 561 (1976)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim.

The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Plaintiff's allegations fails to show that it is plausible, and not just conceivable, that Secretary McNeil, Regional Director Cannon, or Warden Tifft caused or were associated with any of the alleged transgressions in the complaint. Consequently, the amended complaint fails to state a viable basis for recovery against Secretary McNeil, Regional Director Cannon, or Warden Tifft. Because the facts as pleaded do not state a claim to relief that is plausible on its face, this complaint should be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 570.

Plaintiff has previously been cautioned concerning the narrow scope of liability that can be imposed on corrections officials, based upon "the alleged wrongdoings of their subordinates. . ." (Doc. 12, p. 7) (*citing Hartley*, 193 F.3d at 1269). He has also been advised concerning the requirement that he exhaust his administrative remedies with regard to grievances, and that he allege the same. (Doc. 12, p. 6). Having been afforded the opportunity to replead, he has ignored the offer, and again has set out claims that are simply not cognizable. *See Langlois v. Traveler's Ins. Co.*, 401 Fed. App'x 425, 427 (11th Cir. 2010) ("[The Eleventh Circuit] has held that '[w]here a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" (*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.

1991))).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).